# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ROSIE NORTON | CIVIL ACTION NO. 06-1402 |
| VS. | SECTION P |
| RICHARD STALDER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus*[1] filed *in forma pauperis* by *pro se* petitioner Rosie Norton on August 16, 2006. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). She is incarcerated at the Union Parish Detention Center (UPDC), Farmerville, Louisiana where she is serving hard labor sentences imposed by the Twenty-Sixth Judicial District Court, Webster Parish. She prays for judgment directing the LDOC to recalculate her sentence in accordance with the sentencing instructions of the district judge.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be construed as a petition for writ of *habeas corpus* and that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**

---

[1] Petitioner submitted her pleading using the form to be used by a prisoner filing a civil rights complaint under 42 U.S.C. §1983. As shown hereinafter, however, since she contests the computation of her sentence and since success in this action would result in a speedier release from custody, it is recommended that the action be construed as a petition for *habeas corpus*.

1

because petitioner failed to exhaust available state court remedies.

## *Statement of the Case*

On May 24, 2004, petitioner pled guilty to one count of distribution of cocaine in the Twenty-Sixth Judicial District Court. On August 23, 2004, she was sentenced to serve 10 years at hard labor. The court ordered that this sentence run consecutive with any other sentence petitioner was then serving. [doc. 1-3, pp. 1-5]

Following the imposition of that sentence, petitioner pled guilty to one count of possession with intent to distribute cocaine under docket number 70,399. Sentencing delays were waived and petitioner was sentenced to serve 10 years at hard labor. The judge ordered the sentence to run concurrently with the sentence imposed in case number 69,786, but consecutive to any other sentence petitioner was then serving. [doc. 1-3, pp. 5-10]

On April 27, 2006, petitioner received a copy of her master prison record. [doc. 1-1, p. 3] According to petitioner, the master prison record indicated that the two 10 year sentences imposed on August 23, 2004 were calculated to run consecutive to one another. [doc. 1-1, pp. 5-6] On some unspecified date petitioner submitted an administrative remedies procedure grievance complaining about the perceived errors in sentence calculation. [doc. 1-1, pp. 8-10] This grievance was ultimately assigned Case Number HDQ-2006-1147. On June 15, 2006, her appeal of the grievance to LDOC Headquarters was rejected as follows, "After reviewing the transcript of August 23, 2004, we find that your release dates are calculated in compliance with Judge Stinson's sentencing. You were sentenced on Docket No. 69786 first to serve ten years at hard labor to run consecutively with any other sentence now serving. At that time, you were already serving a four year sentence making the total sentence length fourteen years. While in

court on August 23, 2004, Judge Stinson sentenced you to serve ten years at hard labor under Docket No. 70399 to run concurrently with Docket No. 69786 and consecutively with any other sentence. This sentence is consecutive to the fourteen year sentence already serving prior to sentencing on this docket making the total sentence length twenty-four years." [doc. 1-1, p. 7]

Two months later, on or about August 16, 2006, petitioner filed her federal pleading.

*Law and Analysis*

Petitioner asks this court to order the LDOC to recalculate her sentence, and in so doing to reduce the amount of time to be served by up to 10 years. Thus, through this action petitioner seeks an earlier release from custody. However, such relief is not available by way of a civil rights action.[2] See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997) ("A *habeas* petition ... is the proper vehicle to seek release from custody."); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (A §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement).

Since success in this action would result in petitioner's speedier release, this pleading

---

[2] See also, *Muhammad v. Close*, 540 U.S. 749, 750-751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004), in which the Court noted: "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for *habeas corpus*, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in *habeas*, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." [emphasis supplied] Thus, even if this pleading might properly be construed as a civil rights complaint, it would be subject to dismissal in accordance with *Heck*.

3

should be construed as a petition for writ of *habeas corpus* under either 28 U.S.C. §2241 or §2254.[3]

With regard to *habeas corpus*, federal law is clear – a state prisoner must exhaust available <u>state court remedies</u> as to each and every ground upon which he claims entitlement to *habeas corpus* relief whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that she is entitled to immediate release or a speedier release from imprisonment, her sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Since petitioner seeks release from custody and since

---

[3] Although it is clear that habeas corpus is the proper remedy, it is not clear whether the provisions of 28 U.S.C. §2241 or §2254 should apply. "An application for a writ of *habeas corpus* under §2254 is the proper method for a prisoner's challenge to the calculation of his time credits." *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154 F.3d 186, 193-94 (5th Cir.1998) (*en banc*)). Thus, this Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241 and 2254. See also *Carmona v. Andrews*, 357 F.3d 535 (5th Circuit 2004). But see *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.) Here, petitioner does not seek to undo her convictions, (as would be the case under 28 U.S.C. §2254) but instead asks the court to correct the alleged unconstitutional actions of the defendants that will result in her continued incarceration beyond the date upon which she contends she should ultimately be released. See also 28 U.S.C. §2241(c)(3) and, *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that section §2241 is the proper vehicle to attack the manner in which a sentence is being executed). As is shown hereinafter, the distinction is unimportant to the resolution of this matter.

4

*habeas corpus* is her sole remedy, she must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner has apparently begun but not yet completed the exhaustion process. She has exhausted available <u>administrative</u> remedies, but she has apparently not completed the exhaustion of <u>available state court remedies</u>. Louisiana requires that challenges to the computation of a sentence be brought first through the Department's administrative grievance process. La. R.S. 15:1176. If the administrative remedies procedure is unsuccessful, the inmate can then seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.[4] Compare *State ex rel. Bartie v. State*, 501 So.2d 260 (La.App. 1st Cir.1986). If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and

---

[4] La. R.S.15:571.15 provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge..."

R.S.13:312(1). Should petitioner's appeal be unsuccessful, Louisiana law allows her to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

The presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner. While it is impossible to determine whether or not petitioner has sought review in the district court or the court of appeals, it is abundantly clear that the present *habeas corpus* claim has not been fully and fairly presented to the Louisiana Supreme Court, and therefore, petitioner's federal *habeas corpus* claim remains unexhausted.

Therefore

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus* and that it be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 8th day of November, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE